**EDWARDS v. FIRST NAT. BANK OF MISSION et al.　(No. 6655.)\***

(Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1921. Rehearing Denied Jan. 11, 1922.)

**Partnership ⬤⟶279—Bank held warranted in giving proceeds of sale of dissolved firm's property to former partner.**

Where plaintiff wrote to the president of a bank having a note secured by mortgage on 50 bales of broom corn, and told him to sell the corn and apply the proceeds on the indebtedness, and to give any surplus to one who had been a partner with plaintiff in the raising of the crop, and the president sold an additional 25 bales that were stored with the mortgaged property, and gave the proceeds, after satisfying the indebtedness, to plaintiff's former partner, *held*, that the bank, which did not take possession of the broom corn or sell it, was warranted in giving such surplus funds to plaintiff's former partner, never having been notified that the partnership had been dissolved, or that the agency did not still exist.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by Enoch Edwards against the First National Bank of Mission and others. Judgment for defendants, and plaintiff appeals. Affirmed.

H. Snodgrass, of Beeville, for appellant.
W. L. Dawson and H. F. Bishop, both of Mission, for appellees.

FLY, C. J. This is an action instituted by appellant against the First National Bank of Mission and Spikes Bros. to recover the value of 75 bales of broom corn appropriated by them. The cause was tried by the court, a jury being waived, and judgment rendered that appellant take nothing by his suit and pay all costs.

The evidence shows that appellant was indebted to the bank in the sum of $1,800, which was evidenced by two promissory notes, one for $800 and the other for $1,000, and to secure the last-mentioned note had given the bank a mortgage on 50 bales of broom corn, which, together with 25 other bales, were stored in Mission, Tex., and appellant left also a note for $1,250, executed to him by J. S. Franz, as collateral security, and also had $183 in cash on deposit in said bank. The notes executed by appellant became due, and appellant wrote to D. J. Wood, president of the First National Bank of Mission, for him and Franz to sell 50 bales of the broom corn in Mission belonging to appellant, and pay off his indebtedness to the bank, and turn the balance over to Franz. Appellant also wrote to Franz to pay off the two notes held by the bank against appellant. Franz, who had been a partner of appellant in raising the broom corn, claimed one third in his own right and another third that he had bought from a third partner. He sold the 50 bales of broom corn and paid off part of the debt due the bank. The bank took no part in the sale of the broom corn. The remaining 25 bales of broom corn were sold to Spikes by Williamson, the agent of appellant, and the money, on Williamson's instructions, was paid over to the bank, and the balance remaining, after paying the rest of

the debt, was by the latter turned over to Franz, who was thought by the bank and Spikes to be the partner of appellant, as he had been and no notice of any dissolution of the partnership ever given. The letters writen by appellant to the bank confirmed the latter in the belief that appellant and Franz were still partners, and that Franz had the disposition of all the money over and above the sum required to pay the notes. Appellant, after the sale of the broom corn, wrote Spikes:

"I wrote Mr. Wood a letter authorizing him and Mr. Franz to sell the broom corn, if they could get fair price, and to take up my notes, one for $800 and one for $1,000, with the proceeds."

The bank did not take possession of the broom corn or sell it. Appellant did not inform the bank that his partnership with Franz had been dissolved, but, on the other hand, seemed on such terms with Franz that it was desired that he sell the broom corn, pay off the notes, and appropriate the balance. If any one was to blame for Franz appropriating the money, it was not appellees, but appellant himself, who made it possible for Franz to come into possession of the money. If the 25 bales of broom corn had any value, the statement of facts fails to indicate it. After the sale of the 50 bales of broom corn $800 remained unpaid on the two notes. All the acts and conduct of appellant tend to show that the partnership between Franz and appellant was in full force up to and after the time that the broom corn was sold to Spikes. Franz acted, not only within the scope of the partnership, but also within the scope of the agency created by appellant.

The judgment is affirmed.

---

⚛══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes